*1226 OBINION.
LittletoN :
The first question is whether, in the circumstances of this case, the petitioner should be allowed to deduct as an ordinary and necessary expense in carrying on its business the amount of $7,750 paid to his attorney in 1920 for services rendered in the matter of preparation and advocacy before the legislative committees of the State of Alabama of certain legislation which would permit the continued sale in that State of a certain motor fuel being sold by petitioner. We think this was a proper deduction as a business expense.
A special session of the Legislature of Alabama had been called by the Governor and one of the purposes of such session was the passage of a bill covering motor fuel and gasoline, with provision for an inspection fee or charge. Petitioner knew that an inspection bill fixing the standards of motor fuel for the State of Alabama based on tests of high-grade gasoline would prohibit the sale of Woco Pep, which was the principal product of his business and, in order *1227 to keep his business alive, he employed an attorney to protect his interest in connection with the legislation. The expense was an ordinary and necessary one and the services which the attorney was employed to render were entirely legitimate. The deduction is allowed. Independent Brewing Co., 4 B. T. A. 870; California Brewing Association, 5 B. T. A. 347; Richmond Hosiery Mills, 8 B. T. A. 1247.
The second question is whether the petitioner is entitled to a deduction from gross income for the year 1920 of $17,839.98 as a result of an exchange by him of stock of the Wofford Oil Co. of Birmingham, Ala., for stock of the Wofford Oil Co. of Delaware. It is stipulated that the stock of the Wofford Oil Co. of Delaware, received in exchange for the stock of the Alabama corporation, had a value of $17,839.98 less than the amount which the petitioner paid for the stock of the Alabama corporation. We think the Commissioner correctly held that this transaction falls within the provision of section 202 of the Revenue Act of 1921 and resulted in no deductible loss. See Ralph Andrew Applegate, Executor, 10 B. T. A. 705. Petitioner contends that the loss should be allowed in the year 1921 for the reason if it is not permitted as a deduction in that year he will never be able to get the benefit of same and that, therefore, the loss should be allowed on equitable grounds. The stock of the Delaware corporation took the place of stock of the Alabama corporation and upon a subsequent disposition thereof by the petitioner, the basis for the determination of gain or loss will bo the cost to the petitioner in 1919 of his stock in the Alabama corporation. The claim of the petitioner that the difference between the cost of the stock of the Alabama corporation and the value of the stock of the Delaware corporation received in exchange therefor should be allowed as a deduction in 1921 is not well taken.

Judgment will be entered under Rule 50.